1817.

REX and others *v.* REX.

---

STEINMETZ's executors *against* BOUDINOT.

*Philadelphia.* | 3 s r541 |162 158|

AWARD.

*Saturday,* December 29.

THIS case was argued by *Browne* and *Rawle*, for the plaintiffs, and *Chauncey* and *Binney*, for the defendant.

The opinion of the Court was delivered by

TILGHMAN C. J. This is an action of *assumpsit*, for a quantity of bricks sold and delivered by the plaintiff's testator, to the defendant. It was referred, and the referees made an award in favour of the plaintiff. The case comes before us, on exceptions to the award. It appears by the testimony of one of the referees, that the plaintiff produced no evidence, which induced them to suppose, that the defendant had made any contract, either personally or through an agent, with *John Steinmetz*, for the bricks; but the referees were of opinion, that *Steinmetz* had a lien, by virtue of the act of 1st *April*, 1803, on the building, in the erection of which the bricks were used; and for that reason only, they made an award in favour of the plaintiff. It appears, also, that the building was commenced, that is to say, the foundation was laid, and carried up, to a level with the surface of the earth, before the 1st *April*, 1803, although the bricks were not delivered until the month of *December*, 1803. By the act of 1st *April*, 1803, all buildings *thereafter constructed and erected*, within the city of *Philadelphia*, &c. were made subject to the debts contracted *by the owners thereof*, for or by reason of any work done, or materials found, and provided, by any brick-maker, bricklayer, &c. employed in furnishing materials for, or in the erecting and constructing

The act of 1st of April, 1803, did not give a lien for bricks furnished for buildings, by the orders of a person who was erecting them on an agreement with the defendant, the owner of the ground, though such agreement was unknown to the person furnishing the bricks, and though the defendant was the ostensible owner of the ground and building.

The contract, to give a lien under that act, must have been with the real owner.

That act did not extend to buildings commenced before its passage.

If an action on the case lay under that act, it ought to be special, and be special, and might affect the building, and not the person.

should mention the manner in which the defendant is liable, that the judgment building, and not the person.

such building, *before any other lien which originated subse-quent to the commencement of the said building*. In order to create a lien under this act of assembly, it was necessary that the debt should have been contracted by the owner of the building. It appears, that the defendant had the legal estate of the ground on which the building stands, but had contracted by articles of agreement with a certain *Andrew Bartle*, to convey it to him on a ground rent of 5 dollars a foot in front ; and it was *Bartle*, who was erecting the build-ing. Nevertheless, the referees were of opinion, that as the agreement between the defendant and *Bartle* was unknown to *Steinmetz*, and the defendant was ostensibly the owner of both ground and building, the case fell within the meaning of the act ; especially as there was at the same time a build-ing, of which the defendant really was the owner, erected on the adjoining ground, which tended to keep *Steinmetz* in ignorance of the true state of the title. But whether the defendant was owner or not, was immaterial, unless he *con-tracted the debt*. When this act of assembly was made, it was very common for the proprietors of ground, to contract with a mechanic of character, for the building of a house. The proprietor paid a certain sum of money for the build-ing when completed ; and the mechanic purchased materials and built the house, *on his own credit*. Now it is very clear, that in such case, the act created no lien. This was found to bear hard in some instances, on persons who had furnish-ed materials, or done work on a house, and, therefore, by a subsequent act, (passed 17th *March*, 1806,) the lien was ex-tended to all cases of work done, or materials furnished for a building, whether on the credit of the owner or not. It appears to me, therefore, that the referees erred in law, in determining that there was a lien in this case, although the debt was not contracted by the defendant, whom they consi-dered as the owner. There are other great difficulties in the way of the plaintiff's recovering in the present action. The building was commenced *before* the passing of the act of *April*, 1803, and if that act is to comprehend such cases, it might follow, that a mortgagee or judgment creditor, whose lien commenced, between the beginning of the building, and the making of the law, would be cut out by an *ex post facto* operation, which never could have been the intent of the legislature. There is a powerful objection too, to the

form of this action. If judgment be entered against the defendant, he is liable *personally*, for the amount of the judgment. But that would be most unjust, even supposing a lien to exist, if his liability is only in consequence of the lien, and not because he contracted the debt himself. If an action on the case can be supported, I should think it ought to be special, and to mention the manner in which the defendant is liable, in order that a special judgment might be entered, not affecting the *person* of the defendant, but the *building only*. In all cases of lien arising under the act of 1806, a *scire facias* is given by the act of 28th *March*, 1808. That is a very proper remedy, but whether it would lie in this case, is not now to be decided. I am of opinion, on the whole, that some of the exceptions to the award are certainly well taken, and, therefore it should be set aside.

Award set aside.