*335 The opinion of the Court was delivered by
Sergeant, J.
The first act of assembly which gave to mechanics and others a lien on buildings, was passed on the 1st of April, 1803. By that act, the building was made subject to the payment of the debts contracted by the oivner or owners thereof, for work done or materials provided. It contained the proviso incorporated into subsequent acts, that no such debt for work, &c., should remain a lien longer than two years from the commencement of the building, unless an action for the recovery thereof was instituted, or the claim filed within six months after performing the work, &c. Under this act, the contractor and owner must have been the same person; and no suit could be brought, or claim filed against any other person to enforce the lien. Steinmetz’s Executors v. Boudinot, (3 Serg. & Rawle, 542). Therefore the question whether the premises could be made liable in a suit against the contractor alone, could not occur. It is there intimated by Chief Justice Tilghman, that an action on the case, under the act, ought to be special, and to mention the manner in which the defendant was liable, in order that a special judgment might be entered, not affecting the person of the defendant, but the building only. This act was repealed, and supplied by another act passed on the 17th day of March, 1806, in which the words “contracted by the owner or owners thereof,” were omitted, the effect of which was to leave the right of the party to his lien as before, whether the debt were contracted by the owner himself, or another person. But this act gave no mode of proceeding to enforce the lien, and a doubt would seem to have arisen on the subject; for as early as the 28th of March, 1808, the legislature passed another act prescribing the mode of proceeding. It enables the person having a claim filed to proceed to recover by personal action, according to the nature of the demand, against the debtor, his executors or administrators, or by scire facias against the debtor and owner of the building, or their executors and administrators; provided, that no judgment rendered on any such scire facias should warrant the issuing of an execution, except against the building on which the lien existed. But where, as in the present case, the creditor has omitted to file his claim within the six months, he does not come within the purview of this act, and therefore neither this act, nor any proceeding one, authorizes him to bring an.action against the contractor alone, the owner being a different person, and recover judgment against the contractor alone, and sell the
*Property of the contractor under this execution, within the two and such sale transfer the of
the owner. Here the property levied on and sold was the right, title and interest of the contractor, Henry Reeves, in the build *336 ing; but he had no title or interest whatever in it, and therefore nothing passed by the sale. I will not say, that if the plaintiff had brought a special action on the case, against the contractor, setting forth the liability of the building, and obtained a special judgment thereon and sale of the building, in conformity with the suggestion of Chief Justice Tilghman, above referee! to, a sale within two years might not have made the lien available. But that was not done here: the suit was personal, the recovery personal, and the execution and sale were only of the right of the defendant, the contractor. Even in the case I have supposed, however, the Court would, I should think, require the owner, if within reach, to be made a party to the suit, or at least, to have notice, and the opportunity of contesting the claim. Had a judicial sale of the building taken place within the two years, and the money been brought into Court to be distributed, the plaintiff would have come in as a lien creditor : at least, that has been the uniform understanding and practice here under the acts of assembly. But then the sale must be under regular proceedings to which the owner is a party; and the property must be sold as his. Here he is no party; his right and interest are not sold, but only the right and interest of the contractor, which is nothing. It appears to me to be clear, that the plaintiff did not, by the purchase at that sale, acquire a title to this building ; and that judgment must be rendered for the defendant.
Judgment for the defendant.
Cited by Counsel, 7 Watts & Sergeant, 198; 2 Barr,-364.
Cited by the Court, 4 Wharton, 96.